UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MASON GARRETT, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:20-CV-127 SRC |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Mason Garrett's motion for leave to proceed in forma pauperis. The Court has reviewed the financial information plaintiff submitted in support of the motion and has determined that plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. 28 U.S.C. § 1915. In addition, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly

baseless." *Denton,* 504 U.S. at 31. "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal,* 129 S. Ct. at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

Pro se pleadings are liberally construed, and are held to a less stringent standard when considering a dismissal of the case for failure to state a claim. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n. 3 (8th Cir. 1984). Even so, a pro se complaint must contain specific facts to support its conclusions. *Kaylor v. Fields,* 661 F.2d 1177, 1183 (8th Cir. 1981).

**The Amended Complaint**

Plaintiff, a detainee at the Metropolitan St. Louis Psychiatric Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.[1] The sole defendant in this action is the State of Missouri.

Plaintiff's statement of claim is as follows:

My 13th Amendment has been infringed upon. I've not been duly convicted as it says. It shall, the State of Missouri, has done nothing to uphold the rights provided in the Constitution to Mike Parson being the Governor or the Head Executive Officer.

Plaintiff seeks compensatory damages in an amount of $10,000.00.

## Discussion

The Court has carefully considered plaintiff's amended complaint, and has determined that it is subject to dismissal for several reasons.

The complaint is subject to dismissal as plaintiff's claims lack an arguable basis in either law or fact and are frivolous. His legal theories are indisputably meritless and his factual allegations are "fanciful," "fantastic," and "delusional." *See Denton* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). Thus, the Court finds that plaintiff's amended complaint is frivolous and fails to state viable legal claims.

Further, to the extent plaintiff is attempting to sue the State of Missouri, his amended complaint is also subject to dismissal because his claims are barred by the Eleventh Amendment to the United States Constitution. Plaintiff herein seeks only monetary damages. It is well-settled

---

[1] Plaintiff states he is bringing this action under the 13th Amendment, as well as the Judicial Act of 1789. The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction" Plaintiff has not made an argument that he has been forced into "involuntary servitude." Thus, he has not indicated that his rights have been violated under the Thirteenth Amendment. *See, e.g., United States, v. Kozminski*, 487 U.S. 931, 952 (1988).

that states, state agencies, and state officials sued in their official capacities are protected from claims for money damages by the Eleventh Amendment, and Congress has not abrogated the state's immunity from suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 n. 10 (1989); *Miener v. State of Mo.,* 673 F.2d 969, 980-81 (8th Cir. 1982).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint and the claims alleged therein against defendant are hereby **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of February, 2020.

                                                  *SLR.CR*

                                        STEPHEN R. CLARK
                                        UNITED STATES DISTRICT JUDGE